IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NORMAN INGRAM,<br>    Plaintiff, | )<br>)<br>) |
| v. | )  Civil Action No.   07 - 012 |
| THOMAS CARROLL,<br>    Defendant. | )<br>)<br>)<br>) |

MEMORANDUM OF LAW IN SUPPORT OF WRIT OF HABEAS CORPUS

ILLEGAL SEARCH AND SEIZURE    Unrebutted statistical evidence of disproportionate traffic stops against African-American motorists established de faco policy of targeting blacks for investigation and arrest and thus established selective enforcement violating the equal protection and due process clauses under the fourth amendment of the U.S. Constitution. State v. Soto, 734 A.2d 350 (1996). In U.S. v. Jones, 234 F.3d 234, 241 (5th Cir. 2000), the court held that although the initial stop of the defendant's vehicle for speeding was valid, the continued detention, after completing the computer check on drivers' licenses and rental papers revealed clean records, was unreasonable and violated the Fourth Amendment. People v. Browniee, 186 Ill.2d 501, 239 Ill. Dec. 25, 713 N.E.2d 556.565-66 (1999) (noting officers' actions after traffic stop was concluded constituted show of authority such that reasonable person would conclude he or she was not free to leave); Ferris v. state, 355 Md. 356, 735 A.2d 491, 503 & n. 6 (1999) (finding illegal continued detention after officer returned license and registration with citation for speeding but then asked driver "if he would mind" stepping to the back of the vehicle to answer questions). Violating Petitioner's Fourth Amendment Rights.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Norman Ingram,<br>　　　　Plaintiff, | )<br>)<br>) |
| v. | )    Civil Action No. |
| Thomas Carroll,<br>　　　　Defendant. | )<br>)<br>) |

MEMORANDUM OF LAW IN SUPPORT OF Writ of Habeas Corpus

ILLEGAL SEARCH AND SEIZURE    On May 12 2003 member of the Governors Task Force stopped Petitioners motor vehicle on route 113 north bound for failure to use a turn signal. Petitioner was pulled over unto the shoulder of route 113,without incident in response to flashing lights from the police vehicle. provisions of the motor vehicle code is being violated and may incident to stop,check vehicle registration and drivers license and issue citation,but driver must be allowed to proceed with no further delay.Com v.Pless,679 a2d 242(1996.) After Petitioner produced avalid drivers license and registration and Pititoner had no out standing warrants.Petitioner was not free to leave.Once the officer has issued a citation or warning and has run routine computer checks,the vehicle must be released unless the driver voluntarily consents tofurther questioning or the officer uncovers facts that independently warrant additional investigation.Petitioner did not give officers any reasonable ground to suspect any illegal acts of drugs or anyother serious crimes were being committed. When v. United States, 517 U.S 806, 116 S Ct. 1769, 135 L. ED.2d 89 (1996) Because we conclude that the officers conduct in this case exceeded thescope of the traffic stop and was not supported by facts uncovered during the stop,the defendants federal constitutional

rights were violated.under the fourth amendment . During the traffic stop officers ordered passenger out of the vehicle without consent or warrant to search a passenger. Passenger was searched, Petitioner is challenging the search is illegal,because Petitioner was the owner of the vehicle.State supreme court decision in Rakas V.Illinois, 439 U.S. 128, 99S.Ct. 421, 58 L.ED.2d 387 (1978.) State V. List 166 N.J. Super 368, 399 A.2d 1040 (Law Div. 1979.) Under these two cases the only person who can challenge the search is the driver and/or owner of the searched vehicle,for only they would have a possessory interest in the vehicle and therefore ajustifiable expectation of privacy therein.As a result of the illegal search of the passenger contraband was found on the passenger.Petitioner was unaware that passenger was in possession of any illegal contraband. The warantless search was unjustified by the expectation of privacy in the fourth amendment..

WHEREFORE, based upon the reasons and authorities cited in the argument, this Court should reverse and remain to lower court.

1-3-07
DATE

Norman Ingram
Norman Ingram, #00260838
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977