IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NORMAN INGRAM,                )
                              )
        Petitioner,           )
                              )
    v.                        )    Civ. Action No. 07-12-***
                              )
THOMAS CARROLL,               )
Warden, and ATTORNEY          )
GENERAL OF THE STATE          )
OF DELAWARE,                  )
                              )
        Respondents.          )

ORDER

At Wilmington this 4 day of September, 2007;

IT IS ORDERED that:

Petitioner Norman Ingram's motion for the appointment of counsel is **DENIED** without prejudice to renew. (D.I. 13)

Petitioners do not have an automatic constitutional or statutory right to representation in federal habeas proceedings. See *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991); *United States v. Roberson*, 194 F.3d 408, 415 n.5 (3d Cir. 1999). A court may, however, seek legal representation for a petitioner "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting . . . from [petitioner's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993)(citing *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. §

3006A (a)(2)(B)(representation by counsel may be provided when a court determines that the "interests of justice so require").

    Here, Ingram alleges that counsel should be appointed because he is unable to afford counsel, his constitutional rights have been violated, and the issues he raises are complex. However, after reviewing Ingram's motion and the documents filed in the instant proceeding, the court concludes that the case is not so factually or legally complex that it requires the appointment of counsel at this juncture. Ingram's claims appear to be fairly "straightforward and capable of resolution on the record," and Ingram appears to have a sufficient understanding of these issues to coherently present his case. *Parham v. Johnson*, 126 F.3d 454, 460 (3d Cir. 1997)(citations omitted). It also does not appear that expert testimony will be necessary or that the ultimate resolution of the petition will depend upon credibility determinations.

                                                                  Honorable Mary Pat Thynge
                                                                  U.S. Magistrate Judge